| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| ☐ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | **FILED & ENTERED**<br><br>**APR 28 2017**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** jones    **DEPUTY CLERK** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA –*Los Angeles* DIVISION**

| In re:<br><br>MANDELLA WALLACE,<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:16-bk-26016-WB<br>CHAPTER: 13<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(REAL PROPERTY)**<br><br>DATE: March 21, 2017<br>TIME: 10:00 AM<br>COURTROOM: 1375<br>PLACE: 255 E. Temple St., Los Angeles, CA 90012 |

**Movant:** SC Metro, LLC

1. The Motion was:    ☒ Opposed    ☐ Unopposed    ☐ Settled by stipulation

2. The Motion affects the following real property (Property):

   *Street address*:    613 North Hillford Avenue
   *Unit/suite number*:
   *City, state, zip code*:    Compton, CA 90220

   Legal description or document recording number (including county of recording):

   As stated in Exhibit B to the Motion (Docket No. 27), the legal description of the subject property is as follows:

   Lot 156 of Tract 16630, in the City of Compton, County of Los Angeles, State of California, as per Map recorded in

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                           Page 1                                           **F 4001-1.RFS.RP.ORDER**

Book 431, Page 43 to 45 inclusive of Maps, in the Office of the County Recorder of said County.

☐ See attached page.

3. The Motion is granted under:

   a. ☒ 11 U.S.C. § 362(d)(1)
   b. ☐ 11 U.S.C. § 362(d)(2)
   c. ☐ 11 U.S.C. § 362(d)(3)
   d. ☐ 11 U.S.C. § 362(d)(4).  The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

      (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or
      (2) ☐ Multiple bankruptcy cases affecting the Property.
      (3) ☐ The court   ☐ makes   ☐ does not make   ☐ cannot make
          a finding that the Debtor was involved in this scheme.
      (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing.  Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☒ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.
   b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.
   c. ☐ Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not conduct a foreclosure sale of the Property before (*date*) _____.

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

8. ☒ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order.  The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency.  Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

10. ☒ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                                    Page 2                                          F 4001-1.RFS.RP.ORDER

modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

13. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

14. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

16. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

18. ☒ Other (*specify*): Based on the pleadings, record, and oral argument of counsel, and for the reasons that follow, the Court grants relief from the automatic stay under 11 U.S.C. § 362(d)(1).

    Movant holds the second-priority lien on the subject property, which is Debtor's principal residence ("the Property"). Debtor and her husband, Perry Wallace ("Perry"), purchased the Property on or about June 1, 1999, after they married, and they still live there together. On the date of purchase, the Property was granted to "Perry Wallace, a Married Man as His Sole and Separate Property." The next day, on June 2, 1999, Debtor executed a quitclaim deed releasing her interest in the Property to "Perry Wallace, a married man as his sole and separate property" and indicating that "[t]his conveyance establishes sole and separate property." Several years later, on or about December 6, 2005, Debtor and Perry executed a grant deed transferring the Property once again to "Perry Wallace, a married man as his sole and separate property." That same day, Perry obtained a loan from Movant's predecessor-in-interest and designated the Property as collateral. Perry remains the only borrower listed on the loan documents.

    Taken together, the above documents suggest that Debtor has no interest in the Property and no liability for the loan owed to Movant. Nevertheless, in her opposition to the Motion, Debtor maintains that the Property is subject to the § 362(a) automatic stay or, alternatively, the § 1301(a) codebtor stay in this case because it is community property under California law. According to Debtor, because she and Perry purchased the Property using community funds, and because they continue to use community funds to pay the Property's mortgage, the Property is community property and Debtor is liable for the loan, even though the grant deeds, quitclaim deed, and loan documents say otherwise.

    Under California law, there is a presumption that property acquired by a spouse during marriage is community property. In re Fadel, 492 B.R. 1, 11 (B.A.P. 9th Cir. 2013) (citing Cal. Fam. Code § 760 (West 2017)); see also In re Marriage of Valli, 58 Cal. 4th 1396, 1400 (2014) ("Property that a spouse acquired during the marriage is community property," subject to certain exceptions). However, "'the affirmative act of specifying a form of ownership in the conveyance of title . . . removes such property from the more general [community property] presumption.'" Fadel, 492 B.R. at 11 (quoting In re Marriage of Lucas, 27 Cal. 3d 808, 814-15 (1980) (abrogated on other grounds)). Further, the "'act of taking title to property in the name of one spouse during marriage with the consent of the other spouse effectively removes that property from the general community property presumption. In that situation, the property is presumably the separate property of the spouse in whose name title is taken.'" Id. (quoting In re Marriage of Brooks, 169 Cal. App. 4th 176, 186-87 (2008) (abrogated on other grounds)). Thus, the form of title controls, absent clear and convincing evidence that the title reflected in the deed is not what the parties intended. See id. at 11, 14. "'[T]racing the funds used to purchase the property,'" "'testimony of an intention not disclosed to the grantee at the time of the execution of the conveyance,'" or "'evidence that title was taken in a particular manner merely to obtain a loan'" are

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                                                 Page 3                                                          F 4001-1.RFS.RP.ORDER

not sufficient to prove that title is taken in any way other than as provided in the conveyance documents. Id. at 14 (quoting Brooks, 169 Cal. App. 4th at 190).

In Fadel, the Ninth Circuit Bankruptcy Appellate Panel ("BAP") considered and rejected the same arguments that Debtor now asserts here, under circumstances virtually identical to the facts of Debtor's case. See id. at 5-9. Like the Property here, the property at issue in Fadel was the family home, titled solely in the name of the debtor's non-filing spouse, even though the home was purchased during the parties' marriage. Id. at 5. Like Debtor, the Fadel debtor also conveyed all of her interest in the home to her spouse, via an interspousal transfer grant deed, shortly after the property was purchased. Id. The Fadel spouse subsequently obtained a loan and, like Perry, designated the house as collateral and listed only himself as the borrower. Id. Nonetheless, as in Debtor's case, the Fadel debtor and her spouse used community funds to pay the mortgage on their home. Id. at 13. When the Fadel debtor later attempted to invoke the protection of the automatic stay or, alternatively, the codebtor stay based on her claimed community property interest in the home, the bankruptcy court, and ultimately the BAP, found her arguments unpersuasive. Id. at 7, 11-17. In affirming the bankruptcy court's decision, the BAP agreed that the documentary evidence clearly confirmed that the debtor's spouse was the only owner of the home and the only person liable for the loan, and the debtor had not presented any clear and convincing evidence to show otherwise. Id. at 11-12, 14.

In Debtor's case, the same principles apply. The documentary evidence here – the June 1, 1999 grant deed; the June 2, 1999 quitclaim deed; the December 6, 2005 grant deed; and the loan documents – points to Perry as the sole owner of the Property and the sole borrower on the loan. Debtor has not presented clear and convincing evidence to show that these multiple designations of the Property as Perry's separate property were not what she and Perry intended. Rather, Debtor relies solely on the community's contributions to the Property to support her arguments. Under Fadel, such contributions are insufficient to overcome the presumption created by the Property's legal title. It is clear that only Perry is liable for the loan and that the Property is Perry's separate property; Debtor has no community property interest. Consequently, neither the § 362(a) automatic stay nor the § 1301(a) codebtor stay applies to protect Debtor, as the Property is not property of Debtor's estate.

Therefore, based on the foregoing, the Court grants Movant's requested relief as provided above.

###

Date: April 28, 2017

*Julia W Brand*
Julia W. Brand
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                Page 4                F 4001-1.RFS.RP.ORDER